UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANGEL BELL,

13 cv 5317 (JG) (VMS)

**AMENDED COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff,

-against-

POLICE OFFICER MACKENSO NELSON OF THE 79th PRECINCT
and UNIDENTIFIED POLICE OFFICERS, employees of the New York City Police
Department sued herein in their capacity as individuals.

Defendant(s).

-----------------------------------------------------------------X

Plaintiff, by her attorney, FRED LICHTMACHER, of the Law Office of Fred Lichtmacher P.C., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

1    Jurisdiction is founded upon the existence of a Federal Question.

2    This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3    Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

4    Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (2).

## PARTIES

5    The plaintiff, ANGEL BELL, is a female African American resident of Kings County in the City and State of New York.

6    At all times hereinafter mentioned, defendant Police Officer Mackenso Nelson of the 79th Precinct and the Unidentified Police Officer defendants, were employed by NYC, as members of its police department, the NYPD.

7    Upon information and belief at all times relevant defendants were acting as state actors, under color of law, in furtherance of their employment with the NYPD and they were acting within the scope of their employment with the NYPD.

8        Defendants are sued herein in their individual capacity.

9        This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 as well as pursuant to the laws of the State of New York.

## STATEMENT OF FACTS

10       Beginning on February 17, 2012 at approximately 5:00 p.m. at 12 Albany Avenue apartment 2B, Brooklyn New York, Angel Bell was the victim of an unwarranted home invasion, destruction of her property and an unlawful arrest by the defendants, without probable cause to believe she had committed a crime and without an exigent circumstance permitting them to violate plaintiff's rights pursuant to the Fourth Amendment.

11       Plaintiff arrived home from work shortly before 5:00 p.m.

12       In her home were plaintiff's infant daughter and her young nephew.

13       Two young men came into her home.

14       Shortly thereafter, the defendants began knocking on plaintiff's door and subsequently on her neighbors' doors.

15       The defendants left the building and went outside the apartment building.

16       Plaintiff peered out her window and an officer shouted at her commanding her to open her door.

17       The officer did not have a warrant nor did he indicate to plaintiff he had an exigent circumstance to make an unwarranted entry into her home such as being in hot pursuit of a fleeing felon.

18       Upon information and belief, no such exigent circumstance existed.

19       Despite no exigent circumstance and no warrant and not explaining to plaintiff why she had to open the door, defendants nevertheless began breaking down the plaintiff's door.

20       Plaintiff did nothing to prevent defendants from entering her apartment.

21    The officers drilled a hole through the peep hole, rammed the door and bent the frame knocking it off of the hinges, while the plaintiff and her family were terrified of what was happening.

22    Plaintiff has close friends who have been abused severely by members of the 79th Precinct within feet of her apartment building and is frightened of the way members of that precinct treat minorities.

23    The defendants entered the apartment and demanded everyone lay on the floor and they pointed guns at the occupants.

24    Defendants went through plaintiff's home and needlessly did damage to her home including but not limited to breaking the door and plaintiff's daughter's bed.

25    Plaintiff and her daughter were ordered out of the apartment.

26    Plaintiff was arrested and placed in the van with the two young men and her nephew.

27    Plaintiff was brought to the 79th Precinct and subsequently to central booking where she was finger printed.

28    At approximately 9:00 p.m. of the following day plaintiff was released from central booking without seeing a judge and the false charges against her were dismissed.

### AS AND FOR A FIRST CAUSE OF ACTION
### VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
### 42 U.S.C. § 1983 and THE FOURTH AMENDMENT
### FALSE ARREST

29    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

30    Plaintiff was subjected to a false arrest by the defendants in violation of her Fourth Amendment rights made applicable to the states via the Fourteenth Amendment.

31    Plaintiff was confined by defendants; defendants intended to confine her; she was conscious of her confinement; and she did not consent to the confinement which was not otherwise privileged.

32    As a direct consequence of defendants' actions, plaintiff was harmed in that she was deprived of rights, privileges and immunities pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and more particularly, their right to be free from arrest without probable cause.

33    The false arrest was caused by the defendants without any legal justification, without authority of the law and without any reasonable cause or belief that plaintiff was in fact guilty of crimes.

34    Defendants who knew of the false arrest and permitted the illegal detention of plaintiff to commence and/or continue, are liable to the plaintiff by virtue of their failure to act pursuant to their affirmative duty to intervene.

35    By reason of the foregoing, the plaintiff was harmed in that she was subjected to great indignities, humiliation and anxiety, she was confined, handcuffed, she was separated from her family, she was defamed in her community, she had a gun pointed at her, she was brought out of her apartment in handcuffs in front of her neighbors and she was otherwise harmed.

36    By reason of the aforesaid, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' pursuant to 42 U.S.C. § 1988.

### AS AND FOR A SECOND CAUSE OF ACTION
### VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
### 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
### AN ILLEGAL AND UNREASONABLY
### CONDUCTED ENTRY INTO PLAINTIFF'S HOME

37    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

38    Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was subjected to an illegal and unreasonably conducted entry into her

home.

39   Defendants needlessly destroyed plaintiff's property upon their illegal unwarranted entry into her home.

40   As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution, being more particularly plaintiff's right to be secure in her person and house and effects against an unreasonable search and seizure.

41   By reason of the foregoing, the plaintiff was harmed in that she had her property needlessly destroyed, her door needlessly and illegally broken down and she was subjected to great indignities, pecuniary harms, humiliation and anxiety, and she was otherwise harmed.

42   By reason of the aforesaid, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' pursuant to 42 U.S.C. § 1988.

WHEREFORE, plaintiff demands judgment against the defendants, as follows:

1.   In an award of compensatory and punitive damages to be determined at trial on Plaintiff's First and Second causes of action as well as reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 on all plaintiff's causes of action, the costs and disbursements of this action; a trial by jury of all issues set forth in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
       December 17, 2013

*[signature]*
FRED LICHTMACHER
The Law Office of Fred Lichtmacher P.C.
Attorney for Plaintiff
The Empire State Building
350 5th Avenue, Suite 7116
New York, New York 10118
(212) 922-9066

To:    MICHAEL CARDOZO
Corporation Counsel City of New York
100 Church Street
New York, New York 10007